NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001077
27-APR-2017
07:52 AM

NO. CAAP-14-0001077

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

WILLIE JAMES JONES, Petitioner-Appellant, v.
STATE OF HAWAI'I, Respondent-Appellee.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P.P. NO. 13-1-0033 (CR. NO. 95-1384))

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Reifurth and Chan, JJ.)

Petitioner-Appellant Willie James Jones (Jones) appeals from the "Order Denying Petitioner Willie James Jones' Petition for Post-Conviction Relief Without a Hearing" (Order Denying Fourth Petition) filed on July 30, 2014, in the Circuit Court of the First Circuit (Circuit Court).[1] We affirm.

I.

A.

In his underlying criminal case, a jury in 1995 found Jones guilty of first-degree sexual assault and kidnapping. The State of Hawai'i (State) moved for extended terms of imprisonment pursuant to Hawaii Revised Statutes (HRS) § 706-662(4) (1993) on the grounds that Jones was a "multiple offender whose criminal actions were so extensive that a sentence of imprisonment for an extended term is necessary for protection of the public." The

---

[1] The Honorable Edward H. Kubo, Jr., presided.

Circuit Court[2] granted the State's motion, and it sentenced Jones to concurrent extended terms of life imprisonment with the possibility of parole for his first-degree sexual assault conviction and twenty years of imprisonment for his kidnapping conviction. The Circuit Court entered its Judgment on August 19, 1996. Jones filed a direct appeal from his Judgment, and on June 9, 1997, the Hawai'i Supreme Court issued a summary disposition order affirming the Judgment.

On November 5, 1998, Jones filed a petition for post-conviction Relief (First Petition) pursuant to Hawai'i Rules of Penal Procedure (HRPP) Rule 40. On June 7, 2000, the Circuit Court[3] filed an order denying the First Petition. On May 17, 2002, the Hawai'i Supreme Court issued a summary disposition order affirming the Circuit Court's order denying the First Petition.

On October 18, 2005, Jones filed a second petition for post-conviction relief (Second Petition). On March 15, 2006, the Circuit Court[4] filed an order denying the Second Petition.

On October 29, 2009, Jones filed a third petition for post-conviction relief (Third Petition). On February 16, 2011, the Circuit Court[5] filed an order denying the Third Petition. On February 29, 2012, this court issued a summary disposition order affirming the Circuit Court's order denying the Third Petition.

B.

On November 8, 2013, Jones filed a fourth petition for post-conviction relief (Fourth Petition), which is at issue in this appeal. Jones asserted the following grounds for relief: Ground 1 -- the Circuit Court violated his right to due process by denying him a full judicial hearing before imposing an

---

[2] The Honorable Melvin K. Soong presided.

[3] The Honorable Victoria S. Marks presided.

[4] The Honorable Michael A. Town presided.

[5] The Honorable Dexter D. Del Rosario presided.

extended term sentence; Ground 2 -- the Circuit Court violated his constitutional rights by imposing an enhanced sentence based on "pending unconvicted criminal charges"; Ground 3 -- the Circuit Court violated his privilege against self-incrimination by imposing an enhanced sentence based on his refusal to admit guilt for the offenses for which he was sentenced; Ground 4 -- he was denied effective assistance of counsel in his appeal of the order denying his First Petition; Ground 5 -- he was denied effective assistance of counsel in his direct appeal of the Judgment; and Ground 6 -- he was denied effective assistance of counsel in his First Petition, Second Petition, and Third Petition and in the petition for writ of habeas corpus he filed in federal court.

The Circuit Court denied Jones' Fourth Petition without a hearing, ruling that the issues raised in the Fourth Petition had been previously ruled upon, were waived, or were without merit. The Circuit Court filed its Order Denying Fourth Petition on July 30, 2014, and this appeal followed.

II.

On appeal, Jones contends that the Circuit Court erred in denying his Fourth Petition. He challenges conclusions of law entered by the Circuit Court in support of its denial of Grounds 1, 2, 3, 5, and 6 of his claims for relief. As explained below, we affirm the Circuit Court's Order Denying Fourth Petition.

We resolve the issues Jones raises on appeal as follows:

1. The Circuit Court did not err in denying Jones' claim that it violated his right to due process by denying him a full judicial hearing before imposing an extended term sentence. We conclude that in imposing Jones' extended term sentence, the Circuit Court complied with the legal requirements applicable to Jones' sentencing and did not violate Jones' right to due process. See State v. Huelsman, 60 Haw. 71, 588 P.2d 394 (1979) (describing a two-step process for extended term sentencing). We also conclude that Jones' claim was previously ruled upon. See

3

HRPP Rule 40(a)(3) (2006) ("Rule 40 proceedings shall not be available and relief thereunder shall not be granted where the issues sought to be raised have been previously ruled upon or were waived."). Jones argued that his extended term sentence violated his due process rights on direct appeal, and the Circuit Court, in denying Jones' Third Petition, ruled that "[Jones'] extended [term] sentencing process met the procedure required at the time of sentencing."

2. The Circuit Court did not err in denying Jones' claim that it violated his constitutional rights by imposing an enhanced sentence based on "pending unconvicted criminal charges." This claim was previously ruled upon. In his opening brief in his direct appeal, Jones cited his objection at sentencing to the Circuit Court's consideration of pending charges, and he asserted in his points of error that "[t]he court based its finding of 'necessity' only on hearsay evidence of prior convictions and on untried charges and allegations, not on the 'extent' of the offenses for which [Jones] was being sentenced, denying [Jones] his right to due process of law." In its order denying Jones' Third Petition, the Circuit Court described Jones' first claim, which it rejected, as including the claim that Jones' extended sentence was unconstitutional because "the sentencing court's finding of necessity was based only on hearsay evidence of prior convictions and untried charges and allegations."

3. The Circuit Court did not err in denying Jones' claim that it violated his privilege against self-incrimination by imposing an enhanced sentence based on his refusal to admit guilt for the offenses for which he was sentenced. In State v. Kamana'o, 103 Hawai'i 315, 82 P.3d 401 (2003), the Hawai'i Supreme Court applied the following three-factor analysis

> in ascertaining whether a sentencing court had erroneously relied on a defendant's refusal to admit guilt in imposing a sentence:
>
> (1) the defendant's maintenance of innocence after conviction, (2) the judge's attempt to get the defendant to admit guilt, and (3) the appearance that,

> had the defendant affirmatively admitted guilt, his
> sentence would not have been so severe.

Kamana‘o, 103 Hawai‘i at 323, 82 P.3d at 409 (brackets omitted) (quoting the factors set forth in People v. Wesley, 411 N.W.2d 159, 162 (Mich. 1987)).

While Jones satisfied the first factor, the record does not show that the sentencing judge attempted to get Jones to admit guilt or that it appeared that Jones' sentence would have been less severe if he had affirmatively admitted his guilt. We conclude that the Circuit Court properly ruled that Jones' self-incrimination claim was without merit. We further conclude that Jones waived this claim by failing to previously raise it. See HRPP Rule 40(a)(3).

4. The Circuit Court did not err in denying Jones' claims that he received ineffective assistance of counsel in his direct appeal, his First Petition, and his Third Petition.[6] Jones' claim that he received ineffective assistance on direct appeal was ruled upon in his First Petition, Second Petition, and Third Petition, and even if it had not been ruled upon, this claim would have been waived for failing to previously raise it. See HRPP Rule 40(a)(3). Jones' claim that he received ineffective assistance of counsel in his First Petition was waived for failing to previously raise it. See id. Jones' claim that he received ineffective assistance in his Third Petition was based on his contention that his counsel was ineffective for failing to raise Grounds 1, 2, and 3 of his Fourth Petition. However, as we have previously concluded, the claims raised in Grounds 1, 2, and 3 were previously ruled upon on direct appeal, ruled upon in the Third Petition, waived, or without merit, and

---

[6] Jones also argues on appeal that he received ineffective assistance of counsel at sentencing. However, he did not raise this claim in his Fourth Petition and therefore did not preserve this claim for appeal. See Hawai‘i Rules of Appellate Procedure Rule 28(b)(4) (2010); State v. Moses, 102 Hawai‘i 449, 455-56, 77 P.3d 940, 946-47 (2003); State v. Hoglund, 71 Haw. 147, 150-51, 785 P.2d 1311, 1313 (1990). Jones asserted in his Fourth Petition that he received ineffective assistance of counsel in his appeal of the order denying his First Petition, in his Second Petition, and in the petition for writ of habeas corpus he filed in federal court, but he does not challenge the Circuit Court's denial of these claims in this appeal.

therefore, Jones' claim that he received ineffective assistance of counsel in his Third Petition is without merit.

III.

For the foregoing reasons, we affirm the Order Denying Fourth Petition.

DATED: Honolulu, Hawai'i, April 27, 2017.

On the briefs:

Donald L. Wilkerson
Te-Hina Ickes
(Law Offices of Donald L. Wilkerson)
for Petitioner-Appellant.

Donn Fudo
Deputy Prosecuting Attorney
City and County of Honolulu
for Respondent-Appellee.

Chief Judge

Associate Judge

Associate Judge